FRENCH & AVEN, plaintiffs in error, vs. CHARLES CAMPBELL, defendant in error.

P. sued M., and garnished A. & F., who answered, that they had made to M., their negotiable promissory note. This garnishment was served before the note fell due. Afterwards C. sued A. & F., (the makers,) on the note, who pleaded and proved the garnishment, the judgment thereon, and payment of the judgment; and asked the Court to charge the jury, that the *onus* was on C. to show that he obtained the note, before the service of the garnishment on them.
*Held,* that the Court erred in not so charging.

Complaint, from Marion. Tried before Judge WORRILL, March Term, 1858.

Turner D. Patterson sued John K. Moore, and garnisheed French & Aven, who answered, that they owed the defendant, Moore, an amount of a promissory note given him by them. Upon this answer judgment was entered against them, which they paid, for the full amount of said note.

This note being in the hands of Charles Campbell, he brought his action against French & Aven thereon, and on the trial, read his declaration and note, and closed his case.

Defendants pleaded full payment of the judgment founded upon said note, and their answer as garnishees, before the same came into the possession of the plaintiff, and introduced in evidence the original summons of garnishment, showing the service to have been before the note fell due, also their answer to the same, also the order of Court commanding them to pay over the money into Court, and that the same be applied to the payment of Patterson's debt.

The Court charged the jury, that defendants pleaded a judgment in bar of the plaintiff's recovery in the action, which judgment it is admitted was obtained by Patterson, on their answer as garnishees, in which answer they admitted their indebtedness to Moore on the note. This judgment is no bar to the plaintiff's right of recovery, unless it appears that Moore was the owner of this note at the time the garnishment was sued out, or that the note was negotiated to the plaintiff after it fell due.

Defendants' counsel then requested the Court in writing, to charge the jury, that before they can find for the plaintiff, they must be satisfied from the evidence, that the plaintiff came into the possession of said note, and was a *bona fide* holder thereof, before the summons of garnishment was served on the defendants, and that the *onus* was on the plaintiff, and not the defendants, to show this fact, and if the plaintiff has failed to prove this fact, they must find for the defendants; which the Court refused, and to both the charge

of the Court, as given, and the refusal to charge as request-ed, defendants' counsel excepted, and assign the same. as error.

WM. D. ELAM, for plaintiff in error.

JOHN R. HILL, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

The exception urged before us, is to the refusal of the Court to give the request in charge to the jury. And the question on that refusal is, whether it is not true, "that the *onus* was on Campbell to show" that the note came into his hands before the service of the garnishment on French & Aven, the makers of the note.

It is certainly true, as his counsel insists, that the *law* pre-sumes the time of the transfer of a negotiable note, to have been before the note fell due. But in this case, the time al-so of the service of the garnishment, was before the note. fell due. It may well be true, therefore, in this case, that the note was transferred to Campbell before it fell due, and yet not until after the service of the garnishment on French & Aven. The question, then, is not settled by an appeal to this presumption of law.

His counsel also insists, that "in an action by the endor-see against the maker of a promissory note" (negotiable) "if the defendant sets up payment he must prove the payment to have been made *before* the endorsement, or his defence will fail him."

This likewise may be true, as a general proposition. It is usual for the maker, when he pays his note, to take it up In the case in which he does not take it up, it is fair to pre-sume, that the note was not in the hands of the person to whom he paid it at the time of the payment, but had then been already passed off into third hands.

But the present is a different case. It is a case in which, the makers had to pay the note, not to the holder, (payee,) but to a creditor of his; more, it is a case in which, they had to pay it under a process of law, which was operating on them from a time before the note was even payable—the garnishment having been served on them before the note fell due. It could not be in their power therefore, to take up the note either when they paid it, or previously, when the garnishment began to act on them. That the makers of *this* note have not taken it up, therefore, does not authorize any presumption, that the note had been negotiated before the service of the garnishment.

On the score of equity, garnishees are entitled to rank with the most favored. On that score then Campbell the transferee of the note, has no ground to ask for any discriminating presumption in his favor, against French & Aven, the makers.

It is easier for him to show when he obtained the note, than it is for them to do so.

And then, on the plaintiff is the general *onus* of making out his case. See *Harvey vs. Mason & Dibble*, 20 *Ga. R.* 477.

On the whole, we think it true, according to the request, that the *onus was* on Campbell of showing that the note came into his hands before the service of the garnishment on French & Aven, and, consequently, we think, that the Court erred in refusing to give the request in charge to the jury.

Judgment reversed and a new trial ordered.